IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| EUGENE LESTER JARVIS, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>CAROLYN W. COLVIN, )<br>Acting Commissioner of Social Security, )<br>    Defendant. )<br>_____ ) | Civil No. 3:15cv524 (REP) |

## REPORT AND RECOMMENDATION

On January 17, 2012, Eugene Lester Jarvis ("Plaintiff") applied for Social Security Disability Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act"), alleging disability from obesity, diabetes mellitus, spinal disorder with lower back pain and depression, with an alleged onset date of April 1, 2006. Plaintiff later amended his alleged onset date to June 1, 2009. The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration. Thereafter, an Administrative Law Judge ("ALJ") denied Plaintiff's claims in a written decision and the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g), arguing that the ALJ erred in assessing Plaintiff's Residual Function Capacity ("RFC"). (Pl.'s Br. in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Mem.") (ECF No. 12) at 2-3.) This matter now comes before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)

on the parties' cross-motions for summary judgment, rendering the matter now ripe for review.[1]

For the reasons that follow, the Court recommends that Plaintiff's Motion for Summary Judgment (ECF No. 11) be GRANTED, that Defendant's Motion for Summary Judgment (ECF No. 13) be DENIED, that the final decision of the Commissioner be VACATED and that this action be REMANDED for further administrative proceedings consistent with this Report and Recommendation.

## I. PROCEDURAL HISTORY

On January 17, 2012, Plaintiff filed an application for DIB and SSI with an alleged onset date of April 1, 2006. (R. at 19.) The SSA denied these claims initially on March 16, 2012, and again upon reconsideration on October 5, 2012. (R. at 19, 146.) At Plaintiff's written request, the ALJ held a hearing on April 21, 2014. (R. at 19.) During the hearing, Plaintiff amended his alleged onset date to June 1, 2009. (R. at 19.) On May 22, 2014, the ALJ issued a written opinion, denying Plaintiff's claims and concluding that Plaintiff did not qualify as disabled under the Act, because Plaintiff could perform work that existed in significant numbers in the national economy. (R. at 29.) On July 1, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner subject to review by this Court. (R. at 1-5.)

## II. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, a court "will affirm the Social Security Administration's disability determination 'when an ALJ has applied correct legal

---

[1] The administrative record in this case remains filed under seal, pursuant to E.D. Va. Loc. R. 5 and 7(C). In accordance with these Rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments, and will further restrict its discussion of Plaintiff's medical information to only the extent necessary to properly analyze the case.

standards and the ALJ's factual findings are supported by substantial evidence.'" *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015) (quoting *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012)). Substantial evidence requires more than a scintilla but less than a preponderance, and includes the kind of relevant evidence that a reasonable mind could accept as adequate to support a conclusion. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). To determine whether substantial evidence exists, the court examines the record as a whole, but may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Hancock*, 667 F.3d at 472 (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). In considering the decision of the Commissioner based on the record as a whole, the court must "take into account whatever in the record fairly detracts from its weight." *Breeden v. Weinberger*, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if substantial evidence in the record supports the findings, bind the reviewing court to affirm regardless of whether the court disagrees with such findings. *Hancock*, 667 F.3d at 477. If substantial evidence in the record does not support the ALJ's determination or if the ALJ has made an error of law, the court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The SSA regulations set forth a five-step process that the agency employs to determine whether disability exists. 20 C.F.R. § 416.920(a)(4); *see Mascio*, 780 F.3d at 634-35 (describing the ALJ's five-step sequential evaluation). To summarize, at step one, the ALJ looks at the claimant's current work activity. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ asks whether the claimant's medical impairments meet the regulations' severity and duration requirements. 20 C.F.R. § 416.920(a)(4)(ii). Step three requires the ALJ to determine whether

the medical impairments meet or equal an impairment listed in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Between steps three and four, the ALJ must assess the claimant's RFC, accounting for the most that the claimant can do despite his physical and mental limitations. 20 C.F.R. § 416.945(a). At step four, the ALJ assesses whether the claimant can perform his past work given his RFC. 20 C.F.R. § 416.920(a)(4)(iv). Finally, at step five, the ALJ determines whether the claimant can perform any work existing in the national economy. 20 C.F.R. § 416.920(a)(4)(v).

### III. THE ALJ'S DECISION

On April 21, 2014, the ALJ held a hearing during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified. (R. at 19.) On May 22, 2014, the ALJ issued a written opinion, finding that Plaintiff did not qualify as disabled under the Act. (R. at 19-30.)

The ALJ followed the five-step evaluation process established by the Act in analyzing Plaintiff's disability claim. (R. at 20-30.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity ("SGA") after Plaintiff's alleged onset date of June 1, 2009. (R. at 21.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of obesity, diabetes mellitus, spinal disorder with low back pain and depression. (R. at 21.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 22.)

In assessing Plaintiff's RFC, the ALJ found that Plaintiff could perform medium work, defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) to include the ability to lift no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. (R. at 24.) The ALJ further limited Plaintiff's physical RFC to occupations that do not require the

ability to climb ladders and to those that do not require exposure to dangerous machinery and unprotected heights. (R. at 24.) Additionally, the ALJ determined that Plaintiff could only perform simple, routine, repetitive tasks not performed in a fast-paced production environment with only simple, work-related decisions and relatively few workplace changes. (R. at 24.)

At step four, the ALJ found Plaintiff incapable of performing any past relevant work. (R. at 28.) At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. (R. at 29.) Therefore, Plaintiff did not qualify as disabled under the Act. (R. at 29.)

## IV. ANALYSIS

Plaintiff, fifty-eight years old at the time of this Report and Recommendation, previously worked as a construction laborer, a backhoe operator and a septic tank installer. (R. at 63-64, 82, 233.) He applied for DIB and SSI, alleging disability from obesity, diabetes mellitus, spinal disorder with low back pain and depression, with an alleged onset date of June 1, 2009. (R. at 19, 21.) After a hearing, the ALJ determined that Plaintiff did not qualify as disabled under the Act. (R. at 29.) Plaintiff now argues that the ALJ erred, because substantial evidence does not support his RFC findings. (Pl.'s Mem. at 10-15). Alternatively, Plaintiff argues that the ALJ failed to properly address Plaintiff's psychological deficiencies. (Pl.'s Mem. at 10-15.) For the reasons set forth below, the Court finds that the ALJ erred in his decision.

### A. The ALJ failed to reconcile the discrepancy between his physical RFC findings and the medical record.

Plaintiff argues that the ALJ's RFC finding of "medium work" lacks the support of substantial evidence. (Pl.'s Mem. 14.) Specifically, Plaintiff argues that the ALJ erred by not addressing all of his physical impairments when finding him capable of medium work. (Pl.'s Mem. 14-15.) Defendant argues that the ALJ followed the proper steps in crafting the RFC

finding, and that the ALJ alone bears the responsibility of assessing a claimant's RFC based on the relevant evidence in the record. (Br. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mem.") (ECF No. 13) at 17-19.) The Court disagrees.

After step three of the ALJ's sequential analysis, but before deciding whether a claimant can perform past relevant work at step four, the ALJ must determine the claimant's RFC. 20 C.F.R. §§ 416.902(e)-(f), 416.945(a)(1). The claimant's RFC must incorporate impairments supported by the objective medical evidence in the record, as well as those impairments based on the claimant's credible complaints. *Carter v. Astrue*, 2011 WL 2688975, at *3 (E.D. Va. June 23, 2011); *accord* 20 C.F.R. § 416.945(e). The ALJ "must first identify the [claimant]'s functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." *Mascio*, 780 F.3d at 636 (citing SSR 96-8p.) The ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." *Id.* (citing SSR 96-8p).

The Court will uphold the ALJ's RFC findings if substantial evidence in the record supports the findings and the ALJ has applied the correct legal standards in reaching them. *Hancock*, 667 F.3d at 472. "A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). The Court will "remand to the agency for additional investigation or explanation when [it] cannot evaluate the record of the basis that underlies the ALJ's ruling." *Fox v. Colvin*, 632 F. App'x. 750, 754 (4th Cir. 2015) (unpublished) (quoting *Radford*, 734 F.3d at 295).

Here, the ALJ determined that Plaintiff could perform medium work, except that he could not climb ladders. (R. at 24.) Medium work requires the ability to lift no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c). The ALJ further limited Plaintiff's physical RFC to work that does not require exposure to dangerous machinery and unprotected heights. (R. at 24.) In making this determination, the ALJ relied on the opinion of Sari Eapan, M.D., who conducted a consultative examination in August 2012. (R. at 27-28.) Dr. Eapan opined that Plaintiff could lift and carry 15 pounds frequently and 30 pounds occasionally. (R. at 480.)

The ALJ assigned great weight to Dr. Eapan's opinion; however, the ALJ failed to sufficiently explain why he discredited Dr. Eapan's lifting and carrying limitations. (R. at 27-28.) Instead, he merely stated that he based his finding of a medium work RFC on the record as a whole. (R. at 28.) Without sufficient explanation, the Court cannot conduct a meaningful review of the ALJ's decision.

None of the other medical opinions in the record support the ALJ's determination that Plaintiff can lift 50 pounds occasionally and 25 pounds frequently, as required by medium work. On February 25, 2014, Plaintiff's primary care physician, Zheni Avram, M.D., opined that Plaintiff could lift and carry less than ten pounds occasionally, in addition to other limitations. (R. at 637.) The ALJ gave this opinion little weight, because it conflicted with the record as a whole. (R. at 27.) Specifically, the ALJ noted that Dr. Avram assigned stricter reaching restrictions to Plaintiff's right arm, though Plaintiff had only complained of pain in his left shoulder. (R. at 27.)

On July 9, 2012, Nurse Practitioner Mary Davis completed an RFC questionnaire on behalf of Plaintiff. (R. at 475-76.) Therein, she opined that Plaintiff could occasionally lift less

than ten pounds, but never more than ten pounds. (R. at 476.) Again, the ALJ assigned this opinion little weight, as he concluded that it did not enjoy support from the record as a whole. (R. at 27.)

On March 15 2012, Josephine Cader, M.D., state agency medical consultant, opined that Plaintiff could handle light work activity with a need to periodically alternate between sitting and standing. (R. at 93, 95.) Specifically, Dr. Cader determined that Plaintiff could occasionally lift 20 pounds and frequently lift ten pounds. (R. at 92.) On October 5, 2012, Martin Cader, M.D., state agency medical consultant, affirmed Dr. Josephine Cader's opinion, with the exception of a finding that Plaintiff did not need any environmental restrictions. (R. at 108-31.) Notably, Dr. Martin Cader also opined that Plaintiff could occasionally lift 20 pounds and frequently lift ten pounds. (R. at 127.) After reviewing the record as a whole, the ALJ afforded both of these opinions little weight, because the strict exertional and postural restrictions conflicted with the record. (R. at 28.)

The ALJ relied on Plaintiff's treatment record and findings to discredit his statements regarding the intensity, persistence and limiting effects of his impairments. (R. at 25.) The ALJ also relied on the conservative nature of Plaintiff's treatment, noting that Plaintiff did not undergo surgery, see a specialist, wear a brace, receive injunction therapy or use an assistive device for ambulation. (R. at 26.) Indeed, Plaintiff took no narcotic pain mediation, and at multiple times since his alleged onset date, he did not take any prescription or over-the-counter medication. (R. at 26, 80-81, 262, 478-79, 538-625.) The ALJ did not explain why these findings support his conclusion that Plaintiff had the capacity to lift 50 pounds occasionally and 25 pounds frequently.

8

Despite this analysis discrediting a number of opinions, the ALJ failed to address why he determined that Plaintiff could lift 50 pounds occasionally and lift or carry 25 pounds frequently. The least restrictive medical opinion, Dr. Eapen's, stated that Plaintiff could only lift and carry 30 pounds occasionally and 15 pounds frequently. (R. at 480.) The ALJ only offered reasons why he did not give more credence to the medical opinions. However, he pointed to nothing in the record to support his conclusion that Plaintiff could lift 50 pounds. And the Court may not speculate as to how the objective medical record supports that Plaintiff could lift the amount required for medium work. *See Fox*, 632 F. App'x. at 755 ("it is not our role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record.").

The Fourth Circuit has repeatedly made clear that the ALJ must provide a sufficient explanation of his findings to allow for meaningful appellate review. *See Mascio*, 780 F.3d at 637 ("Because we are left to guess about how the ALJ arrived at his conclusion on [Plaintiff's] ability to perform relevant functions and indeed, remain uncertain as to what the ALJ intended, remand is necessary."); *Radford*, 734 F.3d at 295 ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence."); *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (holding that without an adequate explanation, "it is simply impossible to tell whether there was substantial evidence to support the determination"). The ALJ made no connection between the evidence and Plaintiff's ability to lift the requisite amount of weight. In failing to present a sufficient explanation as to his determination that Plaintiff could perform medium work, the ALJ committed reversible error in formulating Plaintiff's physical RFC.

9

### B. The ALJ did not err in formulating Plaintiff's mental RFC, because he properly addressed Plaintiff's psychological deficiencies.

In addition to the error that Plaintiff assigns to the physical RFC formulated by the ALJ, Plaintiff also argues that the ALJ erred in failing to include all of Plaintiff's mental limitations. (Pl.'s Mem. at 13.) Specifically, Plaintiff contends that the ALJ failed to include Plaintiff's pace, concentration or persistence limitations in the RFC or the hypothetical posed to the VE. (Pl.'s Mem. at 14.) According to Plaintiff, the ALJ translated moderate limitations in pace, concentration or persistence to limitations in Plaintiff's ability to perform simple and repetitive tasks. (Pl.'s Mem. at 12.)

The ALJ formulated a mental RFC that limited Plaintiff to simple, routine and repetitive tasks. (R. at 24.) The ALJ further limited Plaintiff to tasks not performed in a fast-paced production environment and tasks involving only simple, work-related decisions and, in general, relatively few workplace changes. (R. at 24.) In the hypothetical posed to the VE, the ALJ limited the hypothetical employee to simple, routine and repetitive tasks not performed in a fast-paced production environment, involving only simple work-related decisions and relatively few workplace changes. (R. at 82-83.) The VE described the jobs available to an individual with those limitations. (R. at 83.) As a result, the ALJ, in his decision, found Plaintiff capable of performing work that exists in significant numbers in the national economy. (R. at 29.) The Court finds that the ALJ did not err in this finding at the fifth step of the evaluation.

At the fifth step, the burden shifts to the Commissioner to show that, considering the claimant's age, education, work experience and RFC, the claimant has the capacity to perform other work available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Powers v. Apfel*, 207 F.3d 431, 436 (7th Cir. 2000) (citing *Yuckert*, 482 U.S. at 146 n. 5). The Commissioner can carry her burden in the final step with the testimony of a VE.

10

*Mascio*, 780 F.3d at 635. When a VE testifies, the ALJ poses hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all of the claimant's impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). This description allows the VE to offer testimony about any jobs existing in the national economy that the claimant can perform. *Id.* Only when the hypothetical posed represents all of the claimant's substantiated impairments does the testimony of the VE become "relevant or helpful." *Id.* If the claimant cannot engage in substantial gainful work activity ("SGA"),[2] the ALJ must find the claimant disabled and thus entitled to benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(f)(1).

Plaintiff argues that the ALJ's hypothetical contravenes *Mascio*. (Pl.'s Mem. at 13-14.) In *Mascio*, the Fourth Circuit found that a hypothetical limiting a claimant to simple routine tasks or unskilled labor did not account for the claimant's limitations in concentration, persistence and pace. 730 F.3d at 638. Here, the ALJ used a similar hypothetical. However, the *Mascio* court went on to excuse the exclusion when the ALJ found that the concentration, persistence or pace limitation did not affect the claimant's ability to work and explained such finding. *Id.* Plaintiff goes on to argue that the ALJ erred in crediting Plaintiff's testimony and treatment records documenting his depression and not crediting Plaintiff's testimony that his psychotropic medication interfered with Plaintiff's ability to concentrate. (Pl.'s Mem. at 13.) The ALJ explained that the treatment records suggest no more than moderate difficulties in maintaining concentration, persistence or pace. (R. at 23.) In the present case, the ALJ's explanation renders any exclusion of mental limitations appropriate. And the hypothetical included those mental limitations supported by substantial evidence in the record.

---

[2] SGA involves performing significant physical or mental activities for pay or profit, regardless of the actual realization of a profit. 20 C.F.R. § 404.1572(a)-(b).

11

The ALJ explained that Plaintiff's mental limitations did not preclude him from working. (R. at 23-24.) Specifically, the ALJ referenced Plaintiff's updated treatment records indicating how well Plaintiff's depression had responded to the prescribed anti-depressant medication. (R. at 23.) The ALJ considered Plaintiff's testimony acknowledging improvements in his depression since he started taking the prescription medication, and the ALJ concluded that the record failed to establish that Plaintiff's limitations precluded him from working. (R. at 27-29.) This finding adequately explains why the ALJ did not explicitly include Plaintiff's mental limitations of pace, concentration and persistence in the hypothetical.

Though he did not explicitly use the terms "pace" or "persistence" in the limitations, the ALJ properly included Plaintiff's psychological deficiencies in the hypothetical posed to the VE, despite Plaintiff's argument to the contrary. (Pl.'s Mem. at 13-14.) Specifically, the ALJ's hypothetical limited the worker to simple, routine and repetitive tasks not performed in a fast-paced production environment, involving only simple work-related decisions and, in general, relatively few workplace changes. (R. at 82-83.) These limitations accounted for Plaintiff's persistence or pace limitations. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) ("[H]ypothetical questions adequately account for a claimant's limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations.")[3]; *see also Ford v. Colvin*, 2015 WL 5008962, *3 (E.D.N.C., Aug. 19, 2015) (holding that the ALJ sufficiently accounted for the claimant's persistence through "no constant change" limitations and for concentration through the "no loud noise limitation").

---

[3] The Fourth Circuit relied on and quoted *Winschel* in *Mascio* when it held that the ALJ must do more than restricting a claimant to "simple, routine tasks or unskilled work" to account for her limitations in concentration, persistence and pace. *Mascio*, 780 F.3d at 638.

12

Plaintiff's argument ignores these further limitations posed to the VE in the hypothetical. (Pl.'s Mem. at 13-14.) And, these limitations mirror those found by the ALJ in the RFC assessment. (R. at 24.) Substantial evidence supports both the RFC determination and the hypothetical with regards to Plaintiff's psychological deficiencies.

The objective medical records support the ALJ's mental RFC determination. Plaintiff neither sought nor received counseling for his alleged depression, but he received a prescription for Paroxetine, which improved his symptoms and stabilized his mood. (R. at 543, 550, 628-30.) Examining physicians found Plaintiff alert, oriented and in no distress, describing him as euthymic. (R. at 433, 436, 628-29.) On August 13, 2012, Dr. Eapan conducted a consultative exam and found Plaintiff alert and oriented with normal thought content, intact memory and good fund of knowledge. (R. at 479.)

Plaintiff's daily activities also support the ALJ's mental RFC determination. On February 21, 2012, Plaintiff completed a function report. (R. at 219-226.) Plaintiff reported that he needed no special reminders to take care of his personal needs. (R. at 221.) He prepared meals five days a week. (R. at 221.) He needed no help or encouragement to mow the lawn. (R. at 221.) Plaintiff could go out alone and drive himself. (R. at 222.) He reported the ability to pay bills, count change, handle a savings account and use a checkbook or money orders. (R. at 222.) Furthermore, he spent time socializing with others and had no problems getting along with others. (R. at 223-24.) His condition caused him no problems with memory, understanding, following directions or getting along with others. (R. at 224.) Additionally, Plaintiff reported that he could get along well with authority figures, even though he did not handle stress or changes in routine well. (R. at 225.)

The mental RFC includes all of the mental limitations that the record supports. Because substantial evidence supports the ALJ's mental RFC, the ALJ properly addressed Plaintiff's psychological deficiencies and did not err.

## V. CONCLUSION

For the reasons set forth above, the Court finds that the ALJ properly assessed Plaintiff's mental RFC but failed to offer a sufficient explanation for his assessment of Plaintiff's physical RFC. Accordingly, the Court recommends that Plaintiff's Motions for Summary Judgment (ECF No. 11) be GRANTED, that Defendant's Motion for Summary Judgment (ECF No. 13) be DENIED, that the final decision of the Commissioner be VACATED and that this action be REMANDED for further administrative proceedings consistent with this Report and Recommendation.

Let the clerk forward a copy of this Report and Recommendation to Senior United States District Judge Robert E. Payne and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: June 3, 2016

14